**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN THE MATTER OF:                                                                    CHAPTER 13:

SHELITHA RENE' DIXON                                                       CASE NO. 26-00210-JAW

**TRUSTEE'S OBJECTION TO CONFIRMATION**

COMES NOW, Semoune Ellis on behalf of Torri Parker Martin, the duly appointed and qualified Standing Trustee, and files this Objection to Confirmation and in support thereof, would show unto the Court the following:

1. The Bankruptcy Code states "[i]f the trustee…objects to the confirmation of the plan, then the court may not approve the plan unless…the plan provides that all of the debtor's disposable income…will be applied to make payments to unsecured creditors under the plan…"

2. The Bankruptcy Code states, "[t]he trustee shall investigate the financial affairs of the debtor."

3. The Debtor's plan proposes to pay zero ($0.00) in distribution to unsecured creditors (Docket #2) over the sixty-month (60) plan term. The proposed unsecured debt total is $9,520.43, however, approximately $2,671.08 in non-priority unsecured claims have been filed. The deadline for filing non-government claims is April 8, 2026.

4. The Trustee's review of the Debtor's bank statements and Cash App statements indicate that the Debtor engaged in excessive spending with an online gaming platform, Monopoly GO!, in October 2025 through January 2026. The statements reflect a total of $373.84 (64 transactions). Approximately $5,595.00 over the plan term.

5. The Trustee believes it is not in the best interest of the bankruptcy estate for the Debtor to expend disposable income.

6. Any additional disposable income should be disbursed to the Debtor's timely filed and allowed unsecured creditors.

7. The Trustee believes the Debtor should be required to submit additional bank statements, including all mobile and online banking and payment services (Cash App) for January 2026 and February 2026. If it is found that the excessive spending has continued, the Trustee requests authorization to increase distribution to timely filed and allowed unsecured creditors to one hundred percent (100%).

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that this Objection be received and filed and at the hearing hereon an Order be entered denying the Confirmation, or in the alternative, the Debtor should be required to submit additional bank statements, including all mobile and online banking and payment services, for January and February 2026, to the Trustee within **seven (7) days** of this filed Objection and if the excessive spending has continued, the Trustee requests authorization to increase distribution to timely filed and allowed unsecured creditors to one hundred percent (100%) percent); and such other general relief to which the Trustee and this bankruptcy estate may be entitled.

DATED: March 6, 2026

Respectfully Submitted,

/s/ Semoune Ellis
Semoune Ellis, MSB# 105303
Staff Attorney for
Standing Chapter Thirteen Trustee
Torri Parker Martin, MSB# 103938
200 North Congress Street, Suite 400
Jackson, MS 39201
Office: (601) 981-9100
Email: sellis@tpmartinch13.com

# CERTIFICATE OF SERVICE

I, Semoune Ellis, do hereby certify that I have this day submitted a true and correct copy of the above and foregoing Objection to Confirmation to the following, by electronic, ECF filing, and/or mail to: Abigail Marbury, Asst. U. S. Trustee, USTPRegion05.JA.ECF@usdoj.gov, 501 E. Court Street, Suite 6.430, Jackson, MS 39201, and

**Attorney for Debtor:**

**Thomas C. Rollins, Jr., MSB# 103469**
The Rollins Law Firm, PLLC
P.O. BOX 13767
Jackson, MS 39236
Office: (601) 500-5533
Email: trollins@therollinsfirm.com


DATED: March 6, 2026

                                                                                                     /s/Semoune Ellis
                                                                                                     Semoune Ellis