**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:     **Shelitha Rene' Dixon, Debtor**                    **Case No. 26-00210-JAW**
                                                                                            **CHAPTER 13**

## **NOTICE**

Debtor has filed papers with the court to Modify their Chapter 13 Bankruptcy Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to Modify the plan, or if you want the court to consider your views on the Plan, then on or before 30 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.

You must also mail a copy to the debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Plan and may enter an order granting that relief, which shall confirm this Modified Plan.

Date: April 16, 2026                    Signature:   /s/ Thomas C. Rollins, Jr.
                                                                      Thomas C. Rollins, Jr. (MSBN 103469)
                                                                      Jennifer Ann Curry Calvillo (MSBN 104367)
                                                                      The Rollins Law Firm, PLLC
                                                                      P.O. Box 13767
                                                                      Jackson, MS 39236

MSSB-113 (12/17)

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Shelitha Rene' Dixon** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **26-00210** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**2.2**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1:  Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan

**2.1  Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$423.06**__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Kasai North America Inc**
**1225 Garrison Dr**
**Murfreesboro TN 37129-0000**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Shelitha Rene' Dixon** | Case number | **26-00210** |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3        Income tax returns/refunds.**

*Check all that apply*

☑        Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐        Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐        Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑        **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1        Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply*.
☐        **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)        Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑        1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**        Mtg pmts to        **Trustmark National**

Beginning  **2/2026**        @        **$1,376.27** ☑ Plan        ☐ Direct.        Includes escrow ☑ Yes ☐ No

**1**        Mtg arrears to        **Trustmark National**        Through        **1/2026**        **$10,948.80**

**3.1(b)** ☐        **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property        **-NONE-**
        address:

Mtg pmts to
Beginning   month        @        Plan        Direct.        Includes escrow  Yes  No

Property **-NONE-** Mtg arrears to        Through

**3.1(c)** ☐        **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:        **-NONE-**        Approx. amt. due:        Int. Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $        **-NONE-**  /month, beginning        month .

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Shelitha Rene' Dixon** | Case number | **26-00210** |
|---|---|---|---|

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2** **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Greenfield Station HOA** | **$472.09** | **1529 Arcadia Lane Brandon, MS 39042 Rankin County** | **$230,000.00** | **$472.09** | **8.50%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor   **Shelitha Rene' Dixon**                                    Case number   **26-00210**

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| ***Cavalry SPV I | 1529 Arcadia Lane Brandon, MS 39042 Rankin County | $1,554.67 | $0.00 | Judgment Lien | Rankin County Justice Court Case #212433 Dk 2023 Pg 8431 |

*Insert additional claims as needed.*

**3.5      Surrender of collateral.**

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑      The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Conn's HomePlus | PMSI Appliances |
| Credit Acceptance | 2018 Nissan Murano 95535 miles |

*Insert additional claims as needed.*

---

**Part 4:      Treatment of Fees and Priority Claims**

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3      Attorney's fees.**

☑ No look fee:   **4,600.00**

      Total attorney fee charged:            $**4,600.00**

      Attorney fee previously paid:          $**272.00**

      Attorney fee to be paid in plan per confirmation order:   $**4,328.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐      **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐      Internal Revenue Service       **$0.00**                               .
☑      Mississippi Dept. of Revenue   **$524.00**                             .
☐      Other _____       **$0.00**                     .

**4.5      Domestic support obligations.**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

Debtor      **Shelitha Rene' Dixon**                                      Case number      **26-00210**

☑      **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*


**Part 5:**      **Treatment of Nonpriority Unsecured Claims**

**5.1**      **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐      The sum of $

☑      **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**

☐      The funds remaining after disbursements have been made to all other creditors provided for in this plan.


If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**      **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑      **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.


**Part 6:**      **Executory Contracts and Unexpired Leases**

**6.1**      **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*


**Part 7:**      **Vesting of Property of the Estate**

**7.1**      **Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:**      **Nonstandard Plan Provisions**

**8.1**      **Check "None" or List Nonstandard Plan Provisions**
☐      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**


**Part 9:**      **Signatures:**

**9.1**      **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X    **/s/ Shelitha Rene' Dixon**                          X    _____
      **Shelitha Rene' Dixon**                                   Signature of Debtor 2
      Signature of Debtor 1


Executed on      **April 15, 2026**                        Executed on      _____


      **1529 Arcadia Lane**
      Address                                              Address
      **Brandon MS 39042-0000**

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

Debtor    **Shelitha Rene' Dixon**                                    Case number    **26-00210**

City, State, and Zip Code                        City, State, and Zip Code

Telephone Number                                 Telephone Number


X   **/s/ Thomas C. Rollins, Jr.**                    Date    **April 15, 2026**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                                     **103469 MS**
Telephone Number                                 MS Bar Number
**trollins@therollinsfirm.com**
Email Address

Mississippi Chapter 13 Plan                                    Page 6

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Modified Plan was forwarded on April 16, 2026, to:


By First Class U.S. Mail, Postage Prepaid:

Cavalry SPV I, LLC
P.O. Box 4252
Greenwich, CT 06831-2200


By Electronic CM/ECF Notice:

Standing Chapter 13 Case Trustee

U.S. Trustee


/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Shelitha Rene' Dixon

CASE NO: 26-00210-JAW

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 4/17/2026, I did cause a copy of the following documents, described below,

Notice and Modified Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/17/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Shelitha Rene' Dixon

CASE NO: 26-00210-JAW

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 4/17/2026, a copy of the following documents, described below,

Notice and Modified Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/17/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

CAVALRY SPV I, LLC
P.O. BOX 4252
GREENWICH CT 06831-2200